UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SJD-CC, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:     06-09903** |
| **MARSH USA, INC. D/B/A MARSH USA RISK SERVICES, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is a **Motion for Reconsideration (R. Doc. 67)**, filed by the Defendant, Travelers Indemnity Co. of Connecticut ("Travelers"), requesting that the Court reconsider its previous Order (R. Doc. 72), in which the Court denied Travelers's motion to compel as untimely because of the discovery deadline of April 29, 2008. In light of the imminent trial date of June 16, 2008, the Court considers Travelers's motion below.

**I.     Background**

The Plaintiff, SJD-CC, LLC, brings the subject action to recover business interruption losses sustained after Hurricane Katrina damaged its property at 900 South Jefferson Davis Parkway, New Orleans, Louisiana, on August 29, 2005. (R. Doc. 1-3.) In connection with discovery in this matter, Travelers issued a *subpoena duces tecum* to a non-party, Hy-Tech Roofing Services, Inc. ("Hy-Tech") on October 26, 2007. (R. Doc. 71-3, Ex. 1.) After, providing Hy-Tech with an extension to produce responsive documents, Travelers eventually received Hy-Tech's responses on March 20,

2008.  However, Hy-Tech withheld two documents, which Travelers now seeks in the subject motion.

Based on the Court's original Scheduling Order, U.S. District Judge Ivan L. R. Lemelle ("Judge Lemelle") set the discovery deadline for April 29, 2008.  (R. Doc. 33.)  However, on the date of the discovery deadline, Judge Lemelle extended "the deadline to complete discovery . . . to May 9, 2008." (R. Doc. 53.)  Further, he extended the deadline "to file case dispositive motions and motions in limine regarding the admissibility of expert testimony" to May 13, 2008.  (R. Doc. 53.)

Travelers contends that based on Judge Lemelle's extension to file motions to May 13, 2008, it filed its motion to compel discovery timely, and therefore seeks the Court's reconsideration of its previous Order (R. Doc. 72), in which the Court denied Travelers's motion to compel as untimely. Travelers contends that it was only as of April 21, 2008, when Travelers deposed the Plaintiff's expert architect, that Travelers learned that Hy-Tech used a 120% markup on its estimated costs of repairing the subject facility.  Travelers argues that this fact was critical to its case because the Louisiana Supreme Court has held that a 45% markup is "grossly excessive."  Travelers asserts that in the interim period between April 21, 2008 and May 9, 2008, it reviewed over 1,237 pages of Hy-Tech's document production and repeatedly telephoned Hy-Tech to obtain the requested documents. Therefore, Travelers implicitly asserts that it behaved diligently in securing its requested discovery. In light of its efforts to obtain the discovery and the relevance of the requested discovery to its case, Travelers seeks reconsideration of the Court's previous Order (R. Doc. 72).

## II.  Standard of Review

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider.  *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985).  However, the

Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id*. Here, Travelers filed its motion for reconsideration within ten (10) days of the Court's Order[1], and thus Travelers's motion is properly considered under Rule 59(e).

Courts in this District employ Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *See Harveston v. Falcon Workover Co., Inc.*, Civ. A. 96-4172, 1998 WL 166209, (E.D. La. April 8, 1998) (analyzing motion to reconsider trial continuance under Rule 59(e)); *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equipment Resource,* Civ. A. 03-1496, 2004 WL 1488665 (E.D. La. June 30, 2004) (analyzing motion to reconsider this Court's conclusion about whether certain documents are privileged under the Rule 59(e) standard).

Under Rule 59(e), a court's reconsideration of a prior order is an extraordinary remedy that should be used only sparingly and not to relitigate old matters, raise new arguments, or present evidence that should have been raised in the earlier motion. *See Karim v. Finch Shipping Co*., 111 F.Supp.2d 783, 784 (E.D. La. 2000). A court may entertain a motion for reconsideration if the moving party demonstrates (1) newly discovered or previously unavailable evidence, (2) that the motion is necessary to correct a manifest error of fact or law, (3) that the motion is necessary to prevent manifest injustice, or (4) that the motion is justified by an intervening change in the controlling law. *Gregg v. Weeks Marine, Inc.*, Civ. A. 99-1586, 2000 WL 802865, at * 2 (E.D. La.

---

[1] The Court issued its Order at issue on May 21, 2008 (R. Doc. 72) and Travelers filed the subject motion for reconsideration on May 23, 2008 (R. Doc. 73).

May 26, 2000). Given the factual circumstances of this motion, the only two applicable elements warranting reconsideration are whether a motion for reconsideration is necessary to correct a manifest error of fact or to prevent a manifest injustice.[2]

### III.   Analysis

The Court concludes that Travelers has failed to demonstrate that the Court should reconsider its previous motion. The Court acknowledges that it mistakenly indicated that the discovery deadline was on April 29, 2008, though Judge Lemelle had extended the discovery deadline to May 9, 2008. However, even after considering Judge Lemelle's extensions in the discovery deadline and to file dispositive motions and motions *in limine*, the Court finds that Travelers's discovery motion remains untimely because it was filed on May 13, 2008, four days after the extended discovery deadline of May 9, 2008.[3]   In its motion for reconsideration, Travelers asserts that it filed its motion within the "motion deadline" of May 13, 2008. (R. Doc. 73-2, p. 2.) Travelers also contends that it wrote Hy-Tech on May 9, 2008, the day of the discovery deadline, to request Hy-Tech to produce the requested documents, and therefore, it acted "before the discovery deadline expired." (R. Doc. 73-2, p. 2.)

Travelers unfortunately has misconstrued Judge Lemelle's Order (R. Doc. 53). The "motion

---

[2] While Travelers provides the Court with a Supreme Court of Louisiana decision issued on April 8, 2008, the Court finds that the decision does not constitute "an intervening change in controlling law" because the opinion was issued *before* Travelers filed its motion to compel, and therefore, the Court had the benefit of the Louisiana Supreme Court's analysis before it rendered its decision. Furthermore, the law on did not "control" or otherwise influence the Court's decision, as the Court previously denied Travelers's motion because of untimeliness.

[3] According to the docket sheet maintained by the Clerk of Court, Travelers filed its motion to compel on May 13, 2008, but the Clerk of Court marked the motion as "deficient" because Travelers failed to attach the requisite documents, required by the Local Rules. (R. Doc. 66.) Thereafter, Travelers successfully refiled its motion on May 20, 2008. (R. Doc. 71.) While Travelers first filed its motion on May 13, 2008, a procedurally proper motion was only filed into the record on May 20, 2008. Nevertheless, treating Travelers's motion as filed on May 13, 2008, the fact remains that Travelers's motion was filed after the "extended" discovery deadline of May 9, 2008.

deadline" to which Travelers refers is the deadline "to file *case dispositive motions* and *motions in limine* regarding the admissibility of expert testimony." (R. Doc. 53, emphasis added.) Travelers' motion was a "discovery motion," and not a "case dispositive" motion or a "motion *in limine*." In fact, according to Judge Lemelle's Order (R. Doc. 53), the discovery deadline was on May 9, 2008. This deadline required all discovery motions to be filed in time for discovery to be completed by May 9, 2008. However, despite this, Travelers only sent correspondence to Hy-Tech on the discovery deadline of May 9, 2008, to ask for its requested discovery. (R. Doc. 73-2, p. 2.)

Travelers did not comply with Judge Lemelle's deadlines when it delayed until the latest possible stage in the proceedings to conduct basic discovery allegedly critical to its trial arguments. In fact, Travelers only sought Court intervention *after* the deadline had already elapsed.

As indicated above, reconsideration of a court's prior order is an extraordinary remedy to be used sparingly. *Karin*, 111 F.Supp.2d at 784. Travelers has not alleged any facts to show that the extraordinary remedy of reconsideration is warranted here. First, Travelers has alleged no manifest injustice. It is not an injustice for the Court to evenhandedly enforce the deadlines set by Court order. Second, Travelers has failed to show that a motion for reconsideration is necessary to correct a manifest error of fact. Although the Court previously operated under the mistaken understanding that the discovery deadline was on April 29, 2008, the Court finds that even after considering Travelers's motion with the corrected discovery deadline of May 9, 2008, Travelers motion is still untimely, and therefore, inappropriate.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Travelers's **Motion for Reconsideration (R. Doc. 67)** is **DENIED**.

New Orleans, Louisiana, this 29th day of May 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**