UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SJD-CC, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:      06-09903** |
| **MARSH USA, INC. D/B/A MARSH USA RISK SERVICES, ET AL.** | **SECTION: "B" (4)** |

### ORDER

Before the Court is **Travelers' Second Motion for Reconsideration (R. Doc. 81)**, filed by the Defendant, Travelers Indemnity Co. of Connecticut ("Travelers"), requesting the Court to reconsider, vacate, and withdraw the rulings in its previous Order (R. Doc. 78), in which the Court denied Travelers' previous motion for reconsideration. The Plaintiff did not file an opposition memorandum.

**I.     Background**

The Plaintiff, SJD-CC, LLC, brings the subject action to recover business interruption losses caused by the effects of Hurricane Katrina on its property at 900 South Jefferson Davis Parkway, New Orleans, Louisiana. (R. Doc. 1-3.) In connection with discovery in this matter, Travelers issued a *subpoena duces tecum* on October 26, 2007 to a non-party, Hy-Tech Roofing Services, Inc. ("Hy-Tech"). (R. Doc. 71-3, Ex. 1.) While Hy-Tech responded to Travelers's subpoena on March 20, 2008, it withheld two documents from its production. Therefore, Travelers filed a motion to compel Hy-Tech to produce the omitted documents. (R. Doc. 71.)

The Court denied Travelers's motion as untimely because of (1) the imminent trial date and (2) the deadlines in the Scheduling Order (R. Doc. 33), which had lapsed. (R. Doc. 72.) Travelers

then filed a motion for reconsideration of the Court's Order (R. Doc. 72). (R. Doc. 73.) The Court, however, denied Travelers's motion for reconsideration, upholding its earlier ruling that Travelers failed to timely file its motion within the relevant deadlines. (R. Doc. 78.) On June 16, 2008, presiding U.S. District Court Judge Ivan L.R. Lemelle ("Judge Lemelle") issued a new Scheduling Order (R. Doc. 82) in the matter, resetting the discovery deadline to February 10, 2009 and the trial date to March 30, 2008, from its previously scheduled date of June 16, 2008 (R. Doc. 33).

In light of the new deadlines in the case, Travelers now seeks reconsideration of the Court's Orders (R. Docs. 73, 78). Travelers contends that the Court should reconsider its previous rulings because "the underlying basis for those rulings has been removed by reason of the continuance of the June 16, 2008 trial date." (R. Doc. 81-2, p. 3.) The Court considers Travelers's arguments below.

## II.  Standard of Review

Courts possess "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, the court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. Reconsideration is an extraordinary equitable power that should only be exercised when a specific basis for the remedy is met, and when upsetting a past order is essential to prevent injustice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.1998).

The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending upon the time at

which the motion is filed.  *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).  A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten (10) days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time.  *Id*.  A motion for reconsideration made under Rule 60(b) is governed by more exacting substantive requirements than one under Rule 59(e).  *James v. Miller*, Civ. A. 05-118, 2008 WL 2011844, at *1 (E.D. La. May 8, 2008).

Here, Travelers requests the Court to reconsider both (1) its previous Order (R. Doc. 72), denying its motion to compel as untimely, and (2) its subsequent Order (R. Doc. 78) which denied Travelers's motion for reconsideration.  To ascertain whether to apply Rule 59(e) or Rule 60(b), the Court looks to the timing of Travelers' motions.  After review, the Court concludes that Travelers is effectively seeking only reconsideration of the Court's Order (R. Doc. 78), which denied Travelers's earlier motion for reconsideration.[1]  Travelers filed its subject motion for reconsideration eleven (11) days after the Court's Order (R. Doc. 78),[2] and thus, the Court concludes that Travelers's motion is properly considered under Rule 60(b).

Under Rule 60(b), a court may reconsider an earlier order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with due diligence in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct, (4) the order is void; (5) the order has been satisfied, released, or discharged,

---

[1] Although convoluted, Travelers seeks reconsideration of the Order (R. Doc. 78) which denied reconsideration of the Order (R. Doc. 72) which denied Travelers' motion to compel.  Therefore, Travelers effectively only seeks reconsideration of the subsequent Order (R. Doc. 78), which, if granted, would reopen consideration of the Court's earlier Order (R. Doc. 72).

[2] The Court issued the Order (R. Doc. 78) at issue on May 29, 2008 and Travelers filed the subject motion for reconsideration on June 9, 2008 (R. Doc. 81).  The Court notes that the subject motion for reconsideration was filed more than ten (10) days after *both* of the Court's Orders (R. Docs. 72, 78).

or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable for the order to have prospective application; or (6) any other reason justifying relief from the operation of the order. Fed. R. Civ. P. 60(b). The sixth element is a "catch-all" factor which requires that the mover show extraordinary circumstances that justify reconsideration. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted). Here, given Travelers' factual assertions, the only two applicable elements potentially warranting reconsideration are the fifth and sixth elements of Rule 60(b).

### III.   Analysis

Here, Travelers has failed to argue any reasons why the Court should reconsider its previous Order (R. Doc. 78). First, the Court's Order (R. Doc. 78) has not been satisfied, released, or discharged. However, Travelers attempts to argue that Judge Lemelle rescheduled the case deadlines, and therefore, the dates "that formed the basis for this Court's rulings dated May 21, 2008 and May 29, 2008 have been superceded or rendered moot by Judge Lemelle's continuance of the June 16, 2008 trial date and the related Orders." (R. Doc. 81-2, p. 2.)

In spite of Judge Lemelle's continuance, the Court finds that there has been no prior "judgment" within the meaning of Rule 60(b) upon which the Court's Orders (R. Docs 72, 78) were based. The Court previously based its findings on a scheduling order in the case, not an authoritative case judgment. *See e.g. Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159-60 (5th Cir. 1990) (holding that Rule 60(b) was inapplicable on its face because no relevant judgment was reversed or otherwise vacated, and "case law" did not constitute a "judgment" under Rule 60(b)).

Further, it is not inequitable for the Court's Order (R. Doc. 78) to have prospective

application because the Court's prior Orders (R. Docs. 72, 78) apply only to Travelers' previously filed and untimely motion.  In the subject motion, Travelers effectively attempts to resurrect its procedurally improper and untimely motion, when it can just as easily seek relief via other, more appropriate means.  Travelers is not precluded from filing a valid discovery motion challenging Hy-Tech's failure to respond, provided that its subsequent motions are in compliance with the new discovery and trial deadlines set by Judge Lemelle.

Finally, in considering the "catch-all" prong of Rule 60(b), the Court concludes Travelers has alleged no extraordinary circumstances that justify relief from the operation of the Court's Order (R. Doc. 78).  *See Carter*, 136 F.3d at 1007 (reasoning that the extraordinary equitable remedy of reconsideration should only be exercised when upsetting a past order is *essential* to prevent injustice).  Travelers does not challenge the legal or factual foundation upon which the Court's decisions rests.  The fact that Travelers's motion to compel was filed untimely remains unchanged.  Therefore, there is no injustice from a Court order that enforces pretrial and trial deadlines, as they were set in the record.

After assessing the relevant factors from Rule 60(b), the Court concludes that Travelers has not alleged a valid reason for reconsideration, and therefore, the Court declines to "vacate" or "withdraw" its prior rulings regarding the untimeliness of Travelers's motion to compel.  If Travelers wishes to challenge Hy-Tech's failure to produce the requested documents, it must do so in accordance with law and the procedural requirements.  The extraordinary remedy of reconsideration is not warranted here.

**IV.**   **Conclusion**

Accordingly,

**IT IS ORDERED** that **Travelers' Second Motion for Reconsideration (R. Doc. 81)** is **DENIED**.

        New Orleans, Louisiana, this 25th day of August 2008

        _____
        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**