UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SJD-CC, LLC                                           CIVIL ACTION

VERSUS                                                NO. 06-9903

MARSH USA, INC. d/b/a                                 SECTION "B"(4)
MARSH USA RISK SERVICES and
TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT

ORDER AND REASONS

Considering Plaintiff's Motion for New Trial (Rec. Doc. No. 240) and Defendant's opposition thereto (Rec. Doc. No. 255), **IT IS ORDERED** that Plaintiff's Motion for New Trial is **DENIED.**

Rule 59 of the Federal ~~Rules of C~~ivil Procedure provides that the trial court may "grant a new trial on all or some of the issues ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" The district court has an ample amount of discretion when deciding whether to grant or deny a motion for new trial. *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). However, a greater degree of scrutiny is given to the grant of a new trial. *Id.* citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362-63 (5th Cir. 1980). As such, "the broad discretion allowed to the trial court is tempered by the deference due to a jury." *Id.* "A new trial may be granted ... if the district court finds the

verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). In granting a new trial on evidentiary grounds, "the jury's verdict must be against the great- not merely the greater-weight of the evidence." *Monsanto*, 868 F.2d at 789 citing *Conway*, 610 F.2d at 363 (internal quotations omitted).

Over the course of a five-day trial, the jury was presented with the testimony of 12 witnesses, numerous exhibits, and arguments from counsel. After thorough deliberation, the jury unanimously found for Defendant and denied recovery for Plaintiff. It cannot be said that the jury's verdict was against the great weight of the evidence and by entering judgment for Defendant it is presumed that this Court has properly exercised its discretion.

Plaintiff contends that the Court erroneously charged the jury with respect to Plaintiff's burden of proof. Jury instructions and objections thereto are governed by Federal Rule of Civil Procedure 51 which states in part:

> (c) **Objections.**
>     (1) *How to Make.* A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for objection.
>     (2) *When to Make.* An objection is timely if:
>       (A) a party objects at the opportunity provided under Rule 51(b)(2); or
>       (B) a party was not informed of an instruction or action on a request before that opportunity

>             to object, and the party objects promptly after
>             learning that the instruction or request will
>             be, or has been, given or refused.
>     (d) **Assigning Error; Plain Error.**
>         (1) *Assigning Error.* A party may assign as error:
>             (A) an error in an instruction actually given,
>             if the party properly objected[.]

The Fifth Circuit has consistently read Rule 51 to mean that the "district court should not ... allow[] the jury to retire to its deliberations before giving counsel the opportunity to object" to the jury charge. *Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 523 (5th Cir. 1986). This interpretation is in line with Rule 51's purpose "to prevent unnecessary retrials by forcing the parties to raise objections to the charge in time for the trial judge to correct any errors" before deliberations begins. *Groden v. Allen*, 279 Fed. Appx. 290, 292 (5th Cir. 2008). Failure to object at trial to jury instructions results in a waiver of objections to such instructions. *Burdis v. Texas & P. Ry. Co.*, 569 F.2d 320 (5th Cir. 1978).

The record shows that Plaintiff was afforded ample time in which to object to the proposed jury charges and did in fact do so. (Rec. Doc. No. 196). However, Plaintiff's objections did not include those portions of the charges to which Plaintiff now asserts to be obviously erroneous and prejudicial. A comparison of the proposed jury charges and those actually given by the Court does not present evidence of prejudice or obvious error.

Plaintiff contends that the jury verdict is irreconcilably

inconsistent.  Notably however, the jury's verdict reasonably implies that it found that Defendant did not owe any more to Plaintiff than had already been paid.  The jury decision to award nothing to Plaintiff for what may have been Defendant's arbitrary and capricious failure to pay within thirty and sixty days of satisfactory proof of loss further supports the consistency of the verdict. (Rec. Doc. No. 230).  While a different interpretation of the trial evidence could have been made, the jury's verdict here has not been shown unreasonable, under a subjective or objective standard of reasonableness.

New Orleans, Louisiana this 12th day of April, 2010.

_____
IVAN L. R. LEMELLE
UNITED STATES DISTRICT JUDGE